**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA WANEK | ) | |
| 2000 E. 13th Street | ) | |
| Crete, NE 68333-2541 | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| MRS ASSOCIATES, INC. | ) | (Unlawful Debt Collection Practices) |
| 6530 W. Campus Oval # 300 | ) | |
| New Albany, Ohio, 43504 | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERIFIED COMPLAINT</u>**

COMES NOW the Plaintiff, CYNTHIA WANEK ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, MRS ASSOCIATES INC., alleges and affirmatively states as follows:

**<u>INTRODUCTION</u>**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of MRS ASSOCIATES, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damage.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Ohio, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the Crete, County of Saline, State of Nebraska and are obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believvse, and thereon alleges, that Defendant is a national company with a business office in the City of Albany, County of Licking, State of Ohio.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff at Plaintiff's home number.

13. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered the phone.

14. Defendant failed to state in subsequent communications that the call is from a debt collector.  (See transcribed voicemail messages attached as Exhibit A.)

15. Defendant did not send Plaintiff a debt validation letter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Plaintiffs repeat, reallage and incorporate by reference all of the foregoing paragraphs.

20. Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

    a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone;

    c. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

    d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a consequence of Defendant's foregoing actions, Plaintiff suffered from stress,

anxiety, and humiliation. (See Damages attached as Exhibit B.)

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the FDCPA 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

                                                RESPECTFULLY SUBMITTED,

                         By:     /s/ Peter Cozmyk
                                Peter Cozmyk,
                                Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive, Suite 140
Independence, Ohio 44131
phone: (216) 901-0609 fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CYNTHIA WANEK hereby demand trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA)

Plaintiff, CYNTHIA WANEK, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CYNTHIA WANEK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6-19-2009

_____
CYNTHIA WANEK,
Plaintiff

**EXHIBIT A**

You know what this is for Cynthia Wanek.  We have left messages _____ return these calls.  Now, you are in such a serious situation. I have given you a second chance to see if we would get back and help you.  You need to dial 1-888-274-9847.  This is not sales or marketing, Ms Cynthia.  This is a serious situation in regards to your business.  I need you to call or return this call and discuss the situation.  This has gone on long enough.  Real lack of communication is no longer an option for you because you have done that already.  Return the call! 1-888-274-9847 and your reference number is 13566906.  I am telling you now this is a situation, serious situation you want to know because if it gets out of my hands, I could no longer help.  Have a good day.

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

I believe debt collectors should be stopped from making calls with such an unnecessarily threatening tone. This is what I have experienced from the Mrs. Associates debt collectors who actually shout into the phone, saying demeaning things like "This has gone on long enough!" This is not business-like, it won't help in their job of requesting payment and only serves to intimidate and demoralize people who have enough problems already. People who have legitimate debt issues often have no control over their finances. Being scolded by a person who is literally yelling into the phone at them does no good for the business and only depresses or frightens the person being called. I believe it will have to involve the court system to get these businesses to stop their unnecessarily threatening tactics. These are very difficult times financially right now and there are far more professional options that would be more effective and would not create feelings of panic and stress. These are feelings I experience each time I am contacted by this company's abusive employees.

*Pursuant to 28 U.S.C. § 1740(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: June 19, 2007

*Cynthia S. Wanek*
Signed Name

Cynthia S. Wanek
Printed Name